# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DEVONTE COMPTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action File No. |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| H.EH. PAVING, INC., ) | |
| HERBERT WILLIAMS, ) | |
| HOBSON MILNER, ) | |
| TARIK MILNER ) | |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Devonte Compton (hereinafter "Mr. Compton"), by and through undersigned counsel, and hereby files this Complaint for Damages against H.E.H. Paving, Inc. ("H.E.H."), Herbert Williams, Hobson Milner, and Tarik Milner (hereinafter collectively referred to as the "Defendants") showing as follows:

## INTRODUCTION

1.

At all relevant times Mr. Compton worked as a laborer for defendants in their paving business.

1

2.

During the employment of Mr. Compton, Defendants violated the FLSA by automatically deducting thirty (30) minutes each day for lunch when Mr. Compton was required to work during lunch.

3.

Herbert Williams and Hobson Milner are the owners of H.E.H. Tarik Milner is listed as H.E.H.'s secretary and runs the daily operations of H.E.H. H.E.H., Herbert Williams, Hobson Milner, and Tarik Milner jointly employed Mr. Compton. Therefore, H.E.H., Herbert Williams, Hobson Milner, and Tarik Milner are joint employers.

4.

The instant action arises from Defendants' violations of Mr. Compton's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), to remedy violations of the FLSA by Defendants which have deprived Mr. Compton of his lawful minimum and overtime wages.

5.

Defendants violated the minimum wage provision of the FLSA by failing to compensate Mr. Compton each day for thirty (30) minutes.

6.

Defendants also violated the overtime wage provision of the FLSA by failing to compensate Mr. Compton each day for thirty (30) minutes, as Mr. Compton worked in excess of forty (40) hours in a given work week.

7.

Mr. Compton seeks unpaid minimum wage compensation and overtime compensation for work performed, an equal amount in liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

8.

This Court has subject matter jurisdiction over the instant action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1367.

9.

Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (b) and (c) because the acts giving rise to this Complaint occurred within this District, and because Defendants are subject to this Court's personal jurisdiction.

# PARTIES

10.

Mr. Compton resides in Clayton County, Georgia and is a citizen of the United States.

11.

At all times material hereto, Mr. Compton was a non-exempt "employee" of Defendants for purposes of the FLSA.

12.

At all times material hereto, Mr. Compton handled, sold, and/or worked with goods or materials that have been moved in or produced for interstate commerce, and he was thus engaged in interstate commerce during his employment with the Defendants.

13.

Defendant H.E.H. is a Georgia corporation with its principal office located at 3384 Almand Road, Atlanta, GA 30316. H.E.H. regularly does business in the State of Georgia and may be served through its registered agent, J.D. Brown, P.C., 2727 Paces Ferry Road SE, Suite 1-260. At all times material hereto, H.E.H. was an "employer" of Mr. Compton for purposes of the FLSA, and H.E.H. is jointly and severally liable for the failure to pay Mr. Compton as required

14.

Defendant Herbert Williams is a Connecticut resident. On information and belief, Herbert Williams is the CFO and a co-owner of H.E.H. At all times material hereto, Herbert Williams exercised control over significant aspects of the operations of H.E.H., including employee compensation, and Herbert Williams personally played a substantial role in causing the FLSA violations set forth in this Complaint. As a result, Herbert Williams was an "employer" of Mr. Compton for purposes of the FLSA, and Herbert Williams is jointly and severally liable for the failure to pay Mr. Compton as required.

15.

Defendant Hobson Milner is a Georgia resident. On information and belief, Hobson Milner is the CEO and co-owner of H.E.H. At all times material hereto, Hobson Milner exercised control over significant aspects of the operations of H.E.H., including employee compensation, and Hobson Milner personally played a substantial role in causing the FLSA violations set forth in this Complaint. As a result, Hobson Milner was an "employer" of Mr. Compton for purposes of the FLSA, and Hobson Milner is jointly and severally liable for the failure to pay Ms. Compton as required.

16.

Defendant Tarik Milner is a Georgia resident. On information and belief, Tarik Milner is the Secretary of H.EH. At all times material hereto, Tarik Milner exercised control over significant aspects of the operations of H.E.H., including employee compensation, and Tarik Milner personally played a substantial role in causing the FLSA violations set forth in this Complaint. As a result, Tarik Milner was an "employer" of Mr. Compton for purposes of the FLSA, and Tarik Milner is jointly and severally liable for the failure to pay Ms. Compton as required.

17.

At all times material to this action, H.E.H., Herbert Williams, Hobson Milner and Tarik Milner were Mr. Compton's "joint employer" for purposes of the FLSA due to an arrangement between the individual Defendants to share the services of Mr. Compton, and/or because one of the individual Defendants acted directly or indirectly in the interest of the other Defendants in relation to Mr. Compton, and/or because the individual Defendants shared control of Mr. Compton's employment, and/or because one Defendant controls the other Defendant, and/or because the Defendants are under common control.

18.

At all times material hereto, the Defendants had two or more employees who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce. Thus, the Defendants were an enterprise engaged in interstate commerce or in the production of goods for interstate commerce for purposes of the FLSA.

19.

At all times material hereto and upon information and belief, Defendants have produced at least $500,000 in annual gross volume of sales made or business done.

**FACTUAL ALLEGATIONS**

20.

On or about May 23, 2016, Defendants hired Mr. Compton to work as a laborer on a paving team.

21.

Mr. Compton worked for Defendants from approximately October 2015 until May 2017.

22.

At all times, Mr. Compton was a non-exempt employee.

23.

Many weeks, Mr. Compton worked more than forty (40) hours per week.

24.

H.E.H. provides paving, grading, and demolition services, and they are regularly engaged in interstate commerce.

25.

Upon information and belief, H.E.H. has at least $500,000 of annual gross volume of sales made or business done.

26.

H.E.H. has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

27.

Mr. Compton's position as a machine operator on the paving team required him to regularly handle and work with goods and materials that have been moved in or produced for interstate commerce.

28.

Mr. Compton was engaged in interstate commerce, thus, in addition to working for an enterprise regularly engaged in interstate commerce, Mr. Compton was engaged in interstate commerce and was, therefore, individually covered under

the FLSA.

29.

Defendants agreed to pay Mr. Compton at the rate of $10.00 per hour for each hour worked.

30.

Defendants automatically deducted thirty (30) minutes out of Mr. Compton's check each day for "lunch".

31.

These automatic deductions deprived Mr. Compton of pay for time that he worked.

32.

As a result of Defendants' refusal to pay Mr. Compton, Mr. Compton hired the undersigned counsel.

33.

By unjustifiably refusing to compensate Mr. Compton for hours worked, Defendants have acted in bad faith, have been stubbornly litigious, and have caused Mr. Compton unnecessary trouble and expense.

34.

Defendants have not made a good faith effort to comply with the FLSA with respect to Mr. Compton.

## **COUNT ONE: FLSA VIOLATION (MINIMUM WAGE)**

35.

Mr. Compton re-alleges and incorporates Paragraphs 1 through 34 of this Complaint, as if fully set forth herein.

36.

At all times relevant hereto, Mr. Compton was a non-exempt employee for purposes of the FLSA. Thus, Defendants were obligated to pay Mr. Compton at a rate not less than the minimum hourly wage of $7.25 per hour.

37.

By failing to properly pay Mr. Compton in accordance with § 206 of the FLSA, despite knowledge of Mr. Compton's status as a non-exempt employee, Defendants willfully, intentionally, knowingly, and/or recklessly violated the FLSA, in bad faith.

38.

As a result of Defendants' willful violation of the FLSA's minimum wage provisions, Mr. Compton is entitled to damages, including, without limitation,

unpaid wages sufficient to compensate Mr. Compton at the minimum wage rate for all hours worked, liquidated damages, attorneys' fees, and costs.

**COUNT TWO: FLSA VIOLATION (OVERTIME)**

39.

Mr. Compton realizes and incorporates paragraphs 1 through 38 of this Complaint, as if fully set forth herein.

40.

Defendants failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA, 29 U.S.C. § 207 or § 213, with respect to Mr. Compton.

41.

Defendants failed to meet the requirements for paying Mr. Compton at the rate of at least one and one-half times the regular hourly rate for time worked in excess of forty (40) hours per week as legally required under the compensation requirements of the FLSA, 29 U.S.C. § 203 and § 207.

42.

Defendants are liable to Mr. Compton for unpaid compensation for any and all time Mr. Compton worked in excess of forty (40) hours per week at the rate of

at least one and one-half times the regular hourly rate as legally required under the compensation requirements of the FLSA, 29 U.S.C. § 203 and § 207.

43.

By its actions alleged herein, Defendants willfully, intentionally, knowingly, and/or recklessly violated the FLSA provisions and corresponding federal regulations.

44.

Defendants willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay overtime compensation to Mr. Compton in accordance with § 203 and § 207 of the FLSA.

45.

As a result of Defendants' violations of the FLSA, Mr. Compton has suffered damages by failing to receive overtime wages in accordance with § 203 and § 207 of the FLSA.

46.

As a result of Defendants' willful violation of the FLSA's overtime wage provisions, Mr. Compton is entitled to damages, including, without limitation,

unpaid wages sufficient to compensate Mr. Compton at the overtime wage rate for all hours worked, liquidated damages, attorneys' fees, and costs.

## **COUNT THREE: BREACH OF CONTRACT**

47.

Mr. Compton re-alleges and incorporates Paragraphs 1 through 46 of this Complaint, as if fully set forth herein.

48.

Defendants agreed to pay Mr. Compton $10.00 for each hour worked.

49.

By failing to pay Mr. Compton for each hour worked, Defendants breached their agreement with Mr. Compton.

50.

As a result of Defendants' breach of contract, Mr. Compton is entitled to damages, including pre-judgment interest, in an amount to be determined at trial.

## **COUNT FOUR: ATTORNEYS' FEES AND EXPENSES**

51.

Mr. Compton re-alleges and incorporates Paragraphs 1 through 49 of this Complaint, as if fully set forth herein.

52.

As set forth above, Defendants have acted in bad faith, have been stubbornly litigious, and have caused Mr. Compton unnecessary trouble and expense.

53.

As a result of Defendants' conduct as set forth herein, and pursuant to O.C.G.A. § 13-6-11, Defendants should be required to reimburse Mr. Compton for the attorneys' fees and costs incurred to prosecute this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Compton prays:

(a) That Defendants be served with process and required to answer this suit;

(b) For a trial by a jury;

(c) That he be awarded damages in the amount of his unpaid compensation, plus an equal amount of liquidated damages;

(d) That he be awarded the costs and expenses of this action;

(e) Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant violated the FLSA; and

(f) That this Court enter such other and further relief as is just and proper under the circumstances.

**[DATES AND SIGNATURES BELOW]**

Respectfully submitted this 9th day of June, 2017.

        **COHAN LAW GROUP, LLC**

        */s/ Louis R. Cohan*

        LOUIS R. COHAN
        Georgia Bar No. 173357
        ARIEL D. FENSTER
        Georgia Bar No. 420858
        *Attorneys for Plaintiff*

3340 Peachtree Road NE, Suite 2570
Atlanta, Georgia 30326
(404) 891-1770 (telephone)
(404) 891-5094 (facsimile)
lcohan@cohanlawgroup.com
afenster@cohanlawgroup.com

I further certify that the foregoing has been prepared in a Times New Roman 14-point font, one of the font and point selections approved by the Court in Local Rule 5.1(C).

        **COHAN LAW GROUP, LLC**
        /s/ Ariel D. Fenster
        ARIEL D. FENSTER
        Georgia Bar No. 420858